ORFINGER, J.
Cynthia McGarvey, the former wife, appeals the final judgment dissolving her marriage to Robert McGarvey, the former husband. She argues that the trial court erred in ruling on timesharing, child support, and attorney’s fees. We agree that the trial court erred in ruling on timeshar-ing and, as a result, the child support may need to be recalculated. We find no error in the trial court’s denial of the former wife’s request for attorney’s fees.
Following a near seven-year marriage, the former husband filed a petition for dissolution of marriage. The former wife answered and counter-petitioned. Both parties sought primary timesharing of their minor child, temporary and permanent child support, and attorney’s fees. Following extensive litigation, the trial court entered a final judgment of dissolution of marriage, adopting the “Parenting Plan which was formalized by stipulation of the parties as a Partial Mediation Agreement on May 9, 2012.... ” That plan ordered equal timesharing, holidays excepted, as the parties had previously reached an agreement on holiday time-sharing. The trial court also ordered the former husband to pay the former wife a nominal amount of child support based upon the court’s adoption of the fifty-fifty timesharing arrangement.
On appeal, the former wife argues that they never agreed to a parenting plan at mediation, and, instead, the trial court adopted the former husband’s proposed plan. The former husband concedes that the trial court erred in finding that the parties had reached a mediated settlement but argues that sufficient, competent evidence supports the court-ordered time-sharing arrangement. We disagree. The trial court did not make an independent assessment of what timesharing arrangement would be in the child’s best interest. Rather, the trial court erroneously found that the parties had reached an agreement, when, as they both now concede, no such agreement had been reached. .
*369 We affirm the final judgment except as to the timesharing arrangement and calculation of child support. While we are loathe to allow this litigation, which has lasted longer than the marriage itself, to continue, the trial court must determine the timesharing that is in the child’s best interest. As a result, the trial court will likely need to recalculate the award of child support.
AFFIRMED in part; REVERSED in part; and REMANDED.
LAMBERT, J. and JACOBUS, B., Senior Judge, concur.